ANDREW KIRKPATRICK, receiver &c.,

*v.*

ERASTUS CORNING et al.

On a general demurrer to a bill, the decree of the chancellor in favor of the demurrer was reversed by the court of appeals, but a part of his decision, as expressed in his opinion, was approved.—*Held*, that, after the decree of the court of appeals had been remitted to this court, the defendants could apply, under the two hundred and fifteenth rule, and have stricken out of the bill so much thereof as was held to be objectionable by that part of the decision sustained by the court of appeals; such proceeding being tantamount to an amendment of the original demurrer.

Bill for relief. Motion to strike out parts of bill.

*Mr. T. N. McCarter*, for the motion.

*Mr. F. B. Candler*, of New York, *contra.*

THE CHANCELLOR.

The defendants, Corning, Ludlum and wife and the Pompton Steel and Iron Company, move to strike out certain specified parts of the bill under the two hundred and fifteenth rule, which provides that any objection to a bill, or any answer or special replication, or any part thereof, may be made and adjudicated upon on motion without the filing of a demurrer or exceptions, but the notice of such motion (which shall be an eight days' notice) must state the particular ground or grounds of objection. The rule also provides that the making of a motion under it shall be deemed a waiver of the right to demur or except. The ground stated in the notice in this case is, that the decision of the court of errors and appeals in this suit has rendered the allegations objected to irrelevant and impertinent, and has relieved the defendants from all obligation to answer them, and has determined that the complainant is not entitled to any relief on account thereof. The decision referred to (*Kirkpatrick* v. *Corning, 11 Stew. Eq. 234*) was upon the demurrer, which was a general one. It reversed the decree of this court (*Kirkpatrick* v. *Corning, 10 Stew. Eq. 54*) sustaining the demurrer. This motion is opposed on the ground that the chancery act (*Rev. p. 109 § 31*) provides that if the plea or demurrer filed by a defendant be overruled, no other plea or demurrer shall be thereafter received; but in such case the defendant shall file his answer to the complainant's bill in forty days after such overruling; and, if he fail to do so, the bill shall be taken as confessed &c.; and it is argued that the demurrer having been overruled and the defendants ordered to answer, they cannot again demur; this motion being, in fact, a new demurrer. But, although the act declares that after a demurrer has been overruled the defendant shall answer, it has always been held that it is in the discretion of the court in such case to permit him to file

a plea instead of an answer. *Hall* v. *Nicholson (1826), Stew. Dig. 434; White* v. *Dummer (1841), 1 Gr. Ch. 527; Seeley* v. *Price (1845), 1 Hal. Ch. 231.* In the English chancery practice there have been instances in which a general demurrer has been allowed in part only (*Mitf. Pl. 214*), but the practice there is, as it is here, to overrule the demurrer if not good to the whole bill, though it might have been good if filed as to part only. In such cases, however, leave will sometimes be given to amend the demurrer, so as to confine it to the objectionable part of the bill. *1 Dan. Ch. Pr. (4th Am. ed.) 584.* See, also, *Story's Eq. Pl. § 459.* And such is the practice of this court. *Vanderveer* v. *Stryker, 4 Hal. Ch. 175, 186; Marsh* v. *Marsh, 1 C. E. Gr. 391.* Such leave to amend has in the English practice been given even after judgment on the demurrer. *Baker* v. *Mellish, 11 Ves. 68.*

In the case in hand the demurrer was sustained in this court. The appellate tribunal reversed the decree, but expressed an opinion that the view of this court was correct as to part of the bill. An application to amend the demurrer, if made, would not have been entertained by the court of appeals. When its decree of reversal came to this court, it was, according to the practice, made the decree of this court. So that in this case the application to amend was necessarily made after the decree overruling the demurrer. The bill, amongst other things, attacks the proceedings prior to the decree in the foreclosure suit, and seeks to open the decree to enable the complainant to avail himself of the defence of usury in the mortgages, at least to the extent of obtaining a reduction in respect of premium or *bonus*, alleged to have been taken upon the loan secured by the mortgages. This court was of opinion that the decree is conclusive against him, and the court of errors and appeals concurred in that opinion. All that part of the bill, therefore, which has reference merely to that matter, should be stricken out as impertinent and irrelevant. This court was of opinion, too, that the sale of the personal property to Corning was conclusive upon the trust now represented by the complainant in this suit, and there is nothing in the opinion of the court of errors and appeals expressive of dissent on that head. This motion is, in effect, an application to amend the de-

murrer so as to confine it to that part of the bill which both here and in the court of last resort was held bad, and to strike out that part of the bill. It will be granted. The parts of the bill mentioned in the notice will all be struck out.